IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERCIA,

    Plaintiff,

vs.                                                                                          No. CR 20-2073 JB

ERNESTO LUCERO,

    Defendant.

## MEMORANDUM ORDER AND OPINION

**THIS MATTER** comes before the Court on the Defendants' Objections to the Presentence Report, filed March 4, 2022 (Doc. 40)("Objections").  The primary issues are: (i) whether the United States Probation Office ("USPO") properly recommends a 2-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon, because Defendant Ernesto Lucero did not have actual or constructive possession of the firearm in the vehicle; (ii) whether Lucero's 2010 Robbery conviction should be evaluated for 3 criminal history points; and (iii) whether the USPO properly recommends an enhancement under U.S.S.G. § 4B1.1(b)(1) for Lucero being a career offender, because Lucero does not have two prior qualifying convictions.  The Court concludes that: (i) U.S.S.G. § 2D1.1(b)(1) should apply, because there is a close spatial and temporal relationship between the firearm and methamphetamine; (ii) for his 2010 Robbery conviction, Lucero was sentenced to 249 days of incarceration, and his sentence occurred more than ten years before the instant offense, so it should be evaluated for 0 criminal history points instead of 3; and (iii) because Lucero's 2010 Robbery conviction should be evaluated for 0 criminal history points, Lucero does not have two predicate offenses to justify the Court classifying

him as a career offender.  Consequently, the Court will overrule in part and sustain in part Lucero's

Objections.

**FACTUAL BACKGROUND**

On October 30, 2020, an officer of the McKinley County Sheriff's Office pulled over

Lucero on Interstate 40 outside of Gallup, New Mexico, because Lucero was driving eighty-eight

miles per hour in a sixty-five miles per hour zone.  See Presentence Investigation Report ¶¶ 9-10,

at 4, filed January 14, 2022 (Doc. 35)("PSR").  Lucero did not have proof of registration for the

vehicle.  See PSR ¶ 11, at 4.  The officer observed that both Lucero and his female passenger were

"very anxious and nervous," and that the two parties provided the officer with different reasons

for their travel.  PSR ¶¶ 12-13, at 4-5.  Lucero then consented to the officer searching his vehicle.

See PSR ¶ 13, at 5.  The female passenger "advised there was a firearm underneath her seat."  PSR

¶ 14, at 5.  The PSR states that Lucero said "that the firearm was loaded and would need to be

'cleared.'"  PSR ¶ 14, at 5 (no citation for quotation).[1]  The officer found a backpack with "eight

gallon-sized bags of suspected drugs," which tested positive on a field test for methamphetamine.

PSR ¶ 15, at 5.

A federal Grand Jury indicted Lucero for "unlawfully, knowingly and intentionally

possess[ing] with intent to distribute a controlled substance" involving 500 grams or more of

methamphetamine.  Indictment, filed November 17, 2020 (Doc. 4).  Lucero was arrested on

December 8, 2020.  See Arrest of Lucero, filed December 8, 2020 (text only entry).  On October

---

[1]Lucero disputes this fact.  Lucero agrees that the female passenger advised the officer that there was a firearm under her seat, but Lucero contends that, on the recording, "Mr. Lucero can be heard saying something about the chamber after the officer has checked the firearm, but it is not clear what is being said and he does not appear to state that the firearm was loaded."  Objections at 7.  Moreover, Lucero denies possession of the firearm.  See Objections at 7.

1, 2021, Lucero pled guilty to knowingly and intentionally possessing at least 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(a).  See Plea Agreement ¶ 8, at 3-4, filed October 1, 2021 (Doc. 33).  In the Plea Agreement, the United States and Lucero agree to a recommended sentence of "between 120 and 135 months."  Plea Agreement ¶ 11, at 5.

In the PSR, the USPO calculates Lucero's base offense level to be 32.  See PSR ¶ 26, at 6. The USPO includes a 2-level enhancement under U.S.S.G. § 2D1.1(b)(1), because Lucero possessed a dangerous weapon.  See PSR ¶ 27, at 6.  The USPO also classifies Lucero as a career offender, because his federal offense is a controlled substance offense, and "he has at least two prior felony convictions for crimes of violence."  PSR ¶ 32, at 7.  Accordingly, the USPO determines that the "offense level for a career offender is 37 because the statutory maximum term of imprisonment is life."  PSR ¶ 32, at 7 (citing U.S.S.G. § 4B1.1(b)(1)).  The USPO also provides a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and a 1-level reduction for acceptance of responsibility for timely pleading guilty pursuant to U.S.S.G. § 3E1.1(b).  See PSR ¶¶ 33-34, at 7.  Consequently, the USPO calculates Lucero's total offense level to be 34.  See PSR ¶ 43, at 12.  The USPO also assesses Lucero to have a criminal history category of IV, and, because the USPO determines Lucero to be a career offender, his criminal category increases to VI.  See PSR ¶ 44, at 12.  Lucero's statutory mandatory minimum term of imprisonment is ten years and his maximum term is life.  See PSR ¶ 72, at 17 (citing 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)).  USPO advises that Lucero's Guideline imprisonment range is 262 to 327 months.  See PSR ¶ 73, at 17.

On March 4, 2022, Lucero filed his Objections to the PSR.  See Objections at 1.  First, Lucero objects to the 2-level enhancement pursuant to U.S.S.G § 2D1.1(b)(1), because Lucero argues that he did not have actual or constructive possession of the firearm in the vehicle.  See

Objections at 2.  Lucero argues that he did not have constructive possession of the firearm, because

he did not have power or intent to exercise dominion and control over the firearm.  See Objections

at 2 (citing United States v. Little, 829 F.3d 1177, 1182 (10th Cir. 2016)).  Lucero argues that the

firearm was located under the female passenger's seat and that the female passenger was the one

who informed officers that she had a firearm under her seat.  See Objections at 2-3.  Moreover,

Lucero argues that "there is no evidence that [the female passenger] was a co-conspirator to the

drug offense."  Objections at 3.  Next, Lucero argues that there is no evidence that connects the

firearm, which was located under the passenger's seat, to the methamphetamine located in a

backpack in the trunk of the vehicle.  See Objections at 3.  Lucero argues that, for the enhancement

to apply, the United States must show that "'temporal and spatial relation existed between the

weapon, the drug trafficking activity, and the defendant.'"  Objections at 3 (quoting United States

v. Sallis, 533 F.3d 1218, 1225 (10th Cir. 2008)).

Second, Lucero argues that USPO should not have classified him as a career offender.  See

Objections at 4.  Lucero does not dispute that his conviction is a controlled substance offense or

that his conviction for Aggravated Battery with a Deadly Weapon constitutes a crime of violence.

See Objections at 4.  Lucero contends that the PSR improperly counts as a second predicate offense

Lucero's Robbery conviction from July 19, 2010.  See Objections at 4-5 (citing PSR ¶¶ 21, 29, at

6).  Lucero concedes that New Mexico robbery is a crime of violence.  See Objections at 4-5.

Lucero contends, however, that:

> When Mr. Lucero was first convicted on July 19, 2010, the state court imposed a
> three-year sentence, suspending all of it, and ultimately imposing three years of
> probation. Under U.S.S.G. § 4A1.2(b)(2), if part of the sentence of imprisonment
> is suspended, the sentence of imprisonment refers only to the portion that was not
> suspended. In other words, Mr. Lucero's sentence for purposes of criminal history
> points was a probationary sentence that otherwise would be assessed only one
> criminal history point under Section 4A1.1(c), except that such offenses only count

- 4 -

for ten years from the date the sentence was imposed. U.S.S.G. § 4A1.2(e)(2).
Because Mr. Lucero's offense of conviction was on October 30, 2020, more than
ten years from when the sentence was imposed, the robbery conviction fell outside
the applicable time-period.

Objections at 5.  Lucero violated his probation conditions, and, on January 25, 2012, a State court

judge revoked Lucero's probation and sentenced him to a term of imprisonment.  See Objections

at 5.  Lucero argues: "Because the sentence the court imposed when added to the original

probationary sentence does not exceed one year and one month, the conviction would otherwise

be eligible for two criminal history points, but only if it fell within the applicable time period,"

and, "[b]ecause one must look back to the date of the original sentence, the conviction still falls

outside of the applicable time period."  Objections at 5.  Lucero argues, however, that the USPO

incorrectly reads the State court order to impose a 540-day term of incarceration, which renders

the offense eligible for 3 criminal history points, rendering Lucero a career offender predicate.  See

Objections at 6.  Lucero also argues that criminal history points calculated "'under § 4A1.2(b) are

based on the sentence pronounced, not the length of time actually served.'"  Objections at 6

(quoting United States v. Holbert, 285 F.3d 1257, 1263 (10th Cir. 2002)).  Consequently, Lucero

argues that he was sentenced to 249 days' imprisonment, which does not count for criminal history

points and cannot be considered a predicate offense to render him a career offender.  See

Objections at 6.  Because Lucero argues that the USPO should not have assigned Lucero 3 criminal

history points for his robbery conviction, Lucero also argues that his proper criminal history score

of 6 establishes a criminal history category of III.  See Objections at 6.  Lucero also requests several

clarifications and corrections to the PSR.  In relevant part, Lucero requests:

> 1.      Clarification to Paragraph 14: Mr. Lucero agrees that the female
> passenger [--] Amanda Horton [--] advised the officer that she had a firearm under
> the seat.  The officer asked Ms. Horton if it was stolen, and she advised that it was
> not.  On the recording, Mr. Lucero can be heard saying something about the

chamber after the officer has checked the firearm, but it is not clear what is being said and he does not appear to state that the firearm was loaded. Mr. Lucero denies possession of the firearm.

       2.      Objection to Paragraph 20: Mr. Lucero denies possession of a loaded firearm as described further in his objection to the two-point enhancement under U.S.S.G. § 2D1.1(b)(1).

. . . .

       6.      Objection to paragraph 73 and 74: As stated above, Mr. Lucero submits that his proper total offense level is 29 and his proper criminal history category is III.  An offense level of 29 and a criminal history category III results in a guideline imprisonment range of 108 to 135 months.  Because there is a ten-year statutory mandatory minimum associated with the count of conviction, the range would then be 120 to 135 months.

Objections at 6-7.

The USPO responds to Lucero's Objections.  See Addendum to the Presentence Report, filed March 15, 2022 (Doc. 42)("Addendum").  First, the USPO contends that U.S.S.G. § 2D1.1 applies, because the enhancement's application notes advise that the Court should apply the enhancement unless "it is clearly unlikely that the weapon was connected with the offense." Addendum at 2.  The USPO contends that, in Lucero's case, the firearm was loaded and within his immediate vicinity, counseling towards the enhancement's application.  See Addendum at 2. USPO also contends that, "[o]nce it is established that the defendant actually or constructively possessed the firearm, the burden shifts to him to show how it is clearly improbable that the possession of the item was connected to the offense," and Lucero does not meet that burden. Addendum at 2.  The USPO does not respond to Lucero's argument that he did not actively or constructively possess the firearm.  See Addendum at 2.  Next, the USPO responds to Lucero's objection to the USPO's career offender enhancement application.  See Addendum at 2.  The USPO contends that it properly attributed 3 criminal history points to Lucero's 2010 Robbery

conviction, because he was given a sentence of 540 days, which included a credit for 291 days of presentence confinement credit and resulted in ordered confinement of only 249 days. See Addendum at 3.

Both Lucero and USPO agree that proper consideration of Lucero's status as a career offender hinges on the Court's interpretation of the Order Revoking Probation, filed March 4, 2022 (Doc. 40-1). In relevant part, the Order Revoking Probation states: "The defendant is sentenced to serve a term of 249 days in: Department of Corrections." Order Revoking Probation at 2. USPO relies on writing in the margin of the Order Revoking Probation that reads: "(540-291 presentence credit = 249)" to argue that the sentence imposed is 540 days. Order Revoking Probation at 2. See Addendum at 3.

I.   **THE COURT WILL SUSTAIN LUCERO'S OBJECTION TO U.S.S.G. § 2D1.1'S APPLICATION.**

An offender sentenced under § 2D1.1 of the Sentencing Guidelines is subject to a 2-level enhancement to his base-offense level if "a dangerous weapon (including a firearm) was possessed" during the underlying drug-trafficking offense. U.S.S.G. § 2D1.1(b)(1). "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons." U.S.S.G. § 2D1.1, cmt. 11. The enhancement is expressed in the passive voice, and Application Note 11 to the Guidelines specifies that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. 11. See United States v. Hernandez-Mejia, No. CR 05-0469 JB, 2008 WL 5978897, at *6-7 (D.N.M. November 19, 2008)(Browning, J.).

The United States Court of Appeals for the Tenth Circuit has held that constructive possession with respect to U.S.S.G. § 2D1.1(b)(1) merely involves possession based on proximity

of the gun.  See United States v. Zavalza-Rodriguez, 379 F.3d 1182, 1187 (10th Cir. 2004).  For

the 2-level enhancement to apply, "[t]he government must show by a preponderance of the

evidence that 'a temporal and spatial relation existed between the weapon, the drug trafficking

activity, and the defendant . . . .'" United States v. Sallis, 533 F.3d 1218, 1225 (10th Cir.

2008)(quoting United States v. Pompey, 264 F.3d 1176, 1180 (10th Cir. 2001)(internal quotation

omitted)).  See United States v. Portillo-Uranga, 28 F.4th 168 (10th Cir. 2022)("The government

bears the initial burden of proving by a preponderance of the evidence that the defendant possessed

a firearm, which may be satisfied by showing 'that a temporal and spatial relation existed between

the weapon, the drug trafficking activity, and the defendant.'")(quoting United States v. Pompey,

264 F.3d at 1180-81); United States v. Beltran, 571 F.3d 1013, 1021 (10th Cir. 2009)("To satisfy

its burden for application of a two level enhancement under USSG § 2D1.1(b)(1), the government

must show a temporal proximity between a weapon, the drug trafficking activity, and a

defendant."); United States v. McClure, 358 F. App'x. 5, 10 (10th Cir. 2009)(unpublished)[2]("[T]he

government need only show the weapon was found in the same location where drugs or drug

---

[2]United States v. McClure is an unpublished Tenth Circuit opinion, but the Court can rely
on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the
case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be
cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have
> generally determined that citation to unpublished opinions is not favored.
> However, if an unpublished opinion or order and judgment has persuasive value
> with respect to a material issue in a case and would assist the court in its disposition,
> we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that United
States v. McClure has persuasive value with respect to a material issue, and will assist the Court
in its disposition of this Memorandum Opinion and Order.

paraphernalia are stored or in the general vicinity of where part of the drug activity occurred.”); United States v. Hernandez-Mejia, 2008 WL 5978897, at *6-7.  “If it does so, the burden shifts to the defendant, who must demonstrate that this connection is clearly improbable.”  United States v. Sallis, 533 F.3d at 1225 (quotation omitted).  “[T]he government need only show that ‘the weapon was found in the same location where drugs or drug paraphernalia are stored,’” United States v. Zavalza-Rodriguez, 379 F.3d 1182, 1186-87 (10th Cir. 2004), or “that the weapon was located nearby the general location where drugs or drug paraphernalia are stored or where part of the transaction occurred,” United States v. Flores, 149 F.3d 1272, 1280 (10th Cir. 1998)(quotation omitted).  See United States v. Hall, 473 F.3d 1295, 1312 (10th Cir. 2007)(upholding enhancement where “shotgun was found in a car sitting right outside [the defendant’s] residence and easily accessible through the top of the vehicle . . . [and] other drug paraphernalia was found at the house, including scales with cocaine residue on them.”); United States v. Humphrey, 208 F.3d 1190, 1211 (10th Cir. 2000)(upholding enhancement when gun found in trunk of defendant’s Dodge, miles from the location of the defendant’s arrest, and “no drugs were found in the trunk of the Dodge, [but] other items connected with the conspiracy were, including . . . drug ledgers,” and the car was connected to an earlier drug-buying trip); United States v. Hernandez-Mejia, 2008 WL 5968897, at *9-11.

Here, Lucero contends that the Court should not apply U.S.S.G. § 2D1.1(b)(1)’s 2-level enhancement, because Lucero “did not have actual possession of the firearm in the vehicle. . . . Nor did Mr. Lucero have constructive possession of the firearm.”  Lucero cites to several Tenth Circuit cases defining constructive possession; however, the cases to which Lucero cites deal with constructive possession as an element of a criminal offense, not in the context of U.S.S.G. § 2D1.1(b)(1).  The Tenth Circuit has been clear that, in § 2D1.1(b)(1)’s context, a temporal and

spatial relationship between a firearm and drugs establishes constructive possession.[3]  See United States v. Portillo-Uranga, 28 F.4th 168 (10th Cir. 2022); United States v. Zavalza-Rodriguez, 379 F.3d 1182, 1187 (10th Cir. 2004).  Because the gun was found in the car with methamphetamine, the Court concludes that there is a close temporal and spatial relationship between the firearm and drugs.  See United States v. McClure, 358 F. App'x at 10 ("[T]he government need only show the weapon was found in the same location where drugs or drug paraphernalia are stored or in the general vicinity of where part of the drug activity occurred.").  The burden shifts, therefore, to Lucero to demonstrate that the connection between the firearm and the offense is "clearly improbable."  U.S.S.G. § 2D1.1, cmt. 3.  Lucero has not presented the Court with any evidence or any reason to believe that the firearm's connection with the drug trafficking offense is clearly improbable.  Consequently, the Court will deny Lucero's objection to U.S.S.G. § 2D1.1's 2-level enhancement.

## II.    THE COURT WILL SUSTAIN LUCERO'S OBJECTION TO LUCERO'S CLASSIFICATION AS A CAREER OFFENDER.

U.S.S.G. § 4B1.1(a) provides:

> (a)    A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

---

[3]The Court acknowledges that Henderson v. United States, 575 U.S. 622 (2015) and the subsequent Tenth Circuit decision in United States v. Little, 829 F.3d 1177 (10th Cir. 2016), cited by Lucero, address the elements of constructive possession with regard to 18 U.S.C. § 922.  See Henderson v. United States, 575 U.S. at 629-30; United States v. Little, 829 F.3d at 1182.  The Tenth Circuit has not extended the reasoning of Henderson v. United States and United States v. Little to constructive possession with respect to U.S.S.G. § 2D1.1(b)(1).  See United States v. Portillo-Uranga, 28 F.4th 168 (10th Cir. 2022).

U.S.S.G. § 4B1.1(a).  Here, Lucero concedes that he was at least eighteen years old at the time he committed the federal offense for which he is being sentenced, and that the federal offense is a controlled substance offense.  See Objections at 4.  Lucero objects only to the USPO's considering Lucero's 2010 Robbery offense as a predicate offense for the career offender calculation.  See Objections at 4.  U.S.S.G. § 4B1.2(c) states:

> (c)      The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

U.S.S.G. § 4B1.2(c).  U.S.S.G. § 4A1.1 provides:

> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> (a)      Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b)      Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> (c)      Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

U.S.S.G. § 4A1.1.  U.S.S.G. § 4A1.2(e)(1)-(2) states:

> (1)      Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

(2)      Any other prior sentence that was imposed within ten years
of the defendant's commencement of the instant offense is counted.

U.S.S.G. § 4A1.2(e)(1)-(2).  Lucero argues that his 2010 Robbery conviction should not count for

3 criminal history points, because he was sentenced to only 249 days of incarceration, and the

sentence was imposed more than ten years before the federal offense for which he is being

sentenced.  See Objections at 5-6.

The Court concludes that the Order Revoking Probation sentenced Lucero to 249 days, and

not 540 days as USPO contends.  While the Honorable Angela Jewell, District Judge for the

County of Bernalillo, Second Judicial District Court, State of New Mexico, may have considered

the time that Lucero previously had served in presentence custody, ultimately, Judge Jewell

determined that Lucero should receive a sentence of 249 days.  While Judge Jewell may have done

math in the margins on the Order Revoking Probation, the operative clause in the Order Revoking

Probation states simply: "The defendant is sentenced to serve a term of 249 days in: Department

of Corrections."  Order Revoking Probation at 2.  The Court declines to speculate beyond Order

Revoking Probation's plain language or to determine Judge Jewell's logic behind imposing the

sentence.  Moreover, because the sentence imposed was for less than one year and one month, and

occurred more than ten years before the federal offense for which he is being sentenced, the offense

should not be included in Lucero's criminal history's calculation.  Consequently, the Court agrees

with Lucero that his 2010 Robbery conviction should have been assessed 0 criminal history points,

and cannot serve as a predicate offense for the career offender enhancement and, therefore, the

Court will sustain Lucero's objection with regard to the career offender enhancement.

Accordingly, the Court concludes that Lucero's proper criminal history category is III, and he is

not a career offender.

**IT IS ORDERED** that: (i) the Defendants' Objections to the Presentence Report, filed March 4, 2022 (Doc. 40)("Objections"), are overruled with respect to the U.S.S.G. § 2D1.1(b)(1) objection; (ii) the Objections are sustained with respect to Lucero's criminal history calculation; (iii) the Objections are sustained with respect to the career offender application; (iv) Lucero's total offense level is 31; (v) Lucero's criminal history category is III; and (vi) Lucero's Guidelines range is 135-168 months.

 

 

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Fred J. Federici
  Acting United States Attorney
Robert I. Goldaris
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Margaret Katze
  Federal Public Defender
Emily P. Carey
  Assistant Federal Public Defender
Albuquerque, New Mexico

     *Attorneys for the Defendant*